# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **James Williams, (N52706),** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | 12 C 5345 |
| v. ) | |
| ) | Judge John Z. Lee |
| **Marcus Hardy, Warden,** ) | |
| **Stateville Correctional Center,** ) | |
| ) | |
| **Respondent.** ) | |

## MEMORANDUM OPINION AND ORDER

James Williams, a Stateville Correctional Center inmate, brings this habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging his 2005 conviction in the Circuit Court of Cook County for possession of a controlled substance containing at least 15, but less than 100 grams of cocaine, with intent to deliver, in violation of 720 Ill. Comp. Stat. 570/401(a)(2)(A) (West 2005).[1] The sentencing court found that Petitioner qualified under Illinois' Habitual Criminal Act, 720 Ill. Comp. Stat. 5/33B-1,[2] and imposed a mandatory life sentence. In support of his petition, Williams asserts that: (1) the sentencing judge considered impermissible evidence when imposing the life sentence in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Shepard v. United States*, 544 U.S. 13 (2005); (2) Illinois' Habitual Criminal Act is unconstitutionally vague;[3] (3) his trial counsel provided ineffective assistance by failing to tell him about a plea offer and by

---

[1] Petitioner filed his habeas corpus petition *pro se*; however, he had the assistance of counsel with regard to his reply brief.

[2] All statutory citations are to the statutes in effect in 2005 when Petitioner was convicted and sentenced. The Habitual Criminal Act is now codified at 730 Ill. Comp. Stat. 5/5-4.5-95 (West 2015).

[3] Petitioner raised Claims One and Two as the same claim in his petition. Because that claim presents different issues, however, the Court has addressed it as two separate claims and has renumbered Petitioner's claims accordingly.

failing to tell him that, if convicted, he would face a mandatory life sentence; and (4) he was wrongfully sentenced under the Habitual Criminal Act.

## Procedural Background

Following Petitioner's conviction, the sentencing court held a hearing regarding the application of the Habitual Criminal Act. *Illinois v. Williams*, No. 1-05-2773 (Ill. App. Ct. Feb. 15, 2007), ECF No. 18-8. The trial court found that the Habitual Criminal Act applied after determining that Petitioner's prior convictions qualified him as a habitual criminal as defined by the Act. *Id.* The court then sentenced him to life in prison. *Id.*

On direct appeal to the Illinois appellate court, Petitioner challenged his life sentence on the following grounds: (1) the trial court's findings violated his right to a jury and due process; (2) the Habitual Criminal Act was unconstitutionally vague; (3) he was not eligible to be sentenced under the Act because he committed the first offense more than twenty years before the instant conviction; and (4) his attorney provided ineffective assistance at the sentencing hearing. *Id.* The appellate court affirmed the conviction and sentence. *Id.*

Petitioner raised only the first two issues in his petition for leave to appeal to the Illinois Supreme Court. *Illinois v. Williams*, No. 104269 (Ill.), ECF No. 18-9. The Supreme Court denied the petition. *Illinois v. Williams*, No. 104269, 871 N.E.2d 61 (Ill. May 31, 2007) (Table), ECF No. 18-10.

Next, Petitioner filed a postconviction petition under Illinois' Post Conviction Hearing Act, 725 Ill. Comp. Stat. 5/122-1 *et seq.*, arguing that his trial counsel provided ineffective assistance when he failed to tell him about a potential plea deal prior to trial and that the trial court provided the jury with improper instructions. *Illinois v. Williams*, No. 1-08-2531 (Ill. Mar. 31,

2011), ECF No. 18-16. The trial court denied the petition, and the appellate court affirmed. *Id.* Petitioner raised only the ineffective assistance of counsel claim in his petition for leave to appeal to the Supreme Court. *Illinois v. Williams*, No. 112359 (Ill.), ECF No. 18-17. The Supreme Court denied the petition. *Illinois v. Williams*, No. 112359, 955 N.E.2d 479 (Ill. Sept. 28, 2011), ECF No. 18-18. Petitioner then filed the habeas corpus petition.

## **Legal Standard**

A writ of habeas corpus will be granted only if the Petitioner demonstrates that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the Court may not grant habeas relief unless the state court's decision on the merits was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or the state court decision is based on an unreasonable determination of facts. 28 U.S.C. § 2254(d).

"A federal habeas court may issue the writ under the 'contrary to' clause if the state court applies a rule different from the governing law set forth in [the Supreme Court's] cases, or if it decides a case differently than [the Supreme Court has] done on a set of materially indistinguishable facts." *Bell v. Cone*, 535 U.S. 685, 694 (2002). "An 'unreasonable application' occurs when a state court 'identifies the correct legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of Petitioner's case.'" *Rompilla v. Beard*, 545 U.S. 374, 380 (2005) (quoting *Wiggins v. Smith*, 539 U.S. 510, 520 (2003)).

3

Clearly established federal law is the "'holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision.'" *Carey v. Musladin*, 549 U.S. 70, 74 (2006) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). The state court is not required to cite to, or even be aware of, the controlling Supreme Court standard, as long as the state court does not contradict the Supreme Court standard. *Early v. Packer*, 537 U.S. 3, 8 (2002). The Court begins with a presumption that state courts both know and follow the law. *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). This presumption is especially strong when the state court is considering well-established legal principles that have been routinely applied in criminal cases for many years. *Burt v. Titlow*, 134 S. Ct. 10, 15 (2013).

The Court's analysis is "backward looking." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011). The Court is limited to reviewing the record before the state court at the time that court made its decision. *Id.* The Court is also limited in considering the Supreme Court's "precedents as of 'the time the state court renders its decision.'" *Greene v. Fisher*, 132 S. Ct. 38, 44 (2011) (quoting *Cullen*, 131 S. Ct. at 1399; *Lockyer v. Andrade*, 538 U.S. 63, 71–72 (2003)) (emphasis omitted).

"AEDPA's standard is intentionally 'difficult for Petitioner to meet.'" *Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015) (per curiam) (quoting *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014); *Metrish v. Lancaster*, 133 S. Ct. 1781, 1786 (2013)). "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). This "highly deferential

4

standard . . . demands that state-court decisions be given the benefit of the doubt." *Woodford*, 537 U.S. at 24. Habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Harrington*, 131 S. Ct. at 102–03 (quotation marks omitted). "Under § 2254, a habeas court must determine what arguments or theories supported, or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of th[e] [Supreme] Court." *Id.* at 102.

## Analysis

### I. Claim One: *Apprendi*/*Shepard* Challenge

Petitioner argues that the sentencing court erred in considering evidence regarding his 1981 Wisconsin armed robbery conviction in violation of *Apprendi*, 530 U.S. at 490, and *Shepard*, 544 U.S. at 26, when finding the Wisconsin conviction qualified under Illinois' Habitual Criminal Act.

The rule of *Apprendi* holds that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury, and proved beyond a reasonable doubt." 530 U.S. at 490. This rule incorporates the holding of *Almendarez-Torres v. United States*, which allows a sentencing judge to consider prior convictions to increase a sentence beyond the statutory maximum even though the prior convictions were not found by the jury beyond a reasonable doubt in the case in which the sentence is imposed. 523 U.S. 224, 246–47 (1998); *see United States v. Dixon*, 790 F.3d 758, 759 (7th Cir. 2015). Allowing prior convictions under *Almendarez-Torres* is an exception to *Apprendi*'s

general rule that facts increasing the statutory maximum sentence must be found by the jury beyond a reasonable doubt. *United States v. Elliott*, 703 F.3d 378, 381 (7th Cir. 2012).

The sentencing judge, however, does not have *carte blanche* when considering the prior convictions at sentencing. The judge may consider the prior conviction only when it has "been established through procedures satisfying the fair notice, reasonable doubt, and jury trial guarantees." *Jones v. United States*, 526 U.S. 227, 249 (1999). "[T]here is a vast difference between accepting the validity of a prior judgment of conviction entered in a proceeding in which the defendant had the right to a jury trial and the right to require the prosecutor to prove guilt beyond a reasonable doubt, and allowing the judge to find the required fact under a lesser standard of proof." *Apprendi*, 530 U.S. at 496.

What is more, "the only facts that the [sentencing] court can be sure the jury [] found [beyond a reasonable doubt] are those constituting elements of the offense . . . ." *Descamps v. United States*, 133 S. Ct. 2276, 2288 (2013). The sentencing judge cannot consider circumstances surrounding the conviction such as a "disputed" determination as to the theory of the crime accepted by the jury for the prior conviction. *Id.* (citing *Shepard*, 544 U.S. at 25 (plurality opinion), and *Shepard*, 544 U.S. at 28 (Thomas, J., concurring in part and concurring in judgment)). And the sentencing court cannot rely on its own finding of a fact that is not an element of the prior conviction when increasing a sentence beyond the statutory maximum sentence. *Id.* at 2289.

Petitioner was found guilty of possession of a controlled substance containing at least 15, but less than 100 grams of cocaine, with intent to deliver, in violation of 720 Ill. Comp. Stat.

6

570/401(a)(2)(A).[4] ECF No. 18-4 at 163. This resulted in a sentencing range of six to thirty years of imprisonment. 720 Ill. Comp. Stat. 570/401(a)(2)(A). The sentencing judge increased the sentence to life in prison under Illinois' Habitual Criminal Act, 720 Ill. Comp. Stat. 5/33B-1.

The relevant portion of the Habitual Criminal Act requires that "[e]very person who has been twice convicted in any state or federal court of an offense that contains the same elements as an offense now classified in Illinois as a Class X felony . . . and is thereafter convicted of a Class X felony . . . shall be adjudged a habitual criminal." 720 Ill. Comp. Stat. 5/33B-1(a).[5]

Petitioner's three felony convictions are: (1) a 1981 Wisconsin armed robbery conviction; (2) a 1985 Illinois murder conviction; and (3) the present 2005 Illinois controlled substance conviction. *Illinois v. Williams*, No. 1-05-2773 (Ill. App. Ct. Feb. 15, 2007) (Rule 23 order) (direct appeal), ECF No. 18-8 at 2. Petitioner's present claim challenges only the sentencing court's determination that the Wisconsin conviction contains the same elements as an offense classified in Illinois as a Class X felony.

According to Petitioner, the sentencing court violated *Apprendi* and *Shepard* because it conducted a "broad evidentiary hearing" in making its determination ECF No. 1 at 8. This characterization is inaccurate.

The evidence introduced at sentencing regarding the Wisconsin conviction included certified records of the conviction, ECF No. 18-4 at 194, and testimony from Wisconsin Assistant

---

[4] The jury found Petitioner guilty of possession with intent to distribute without making a factual finding as to the type or quantity of drug that Petitioner possessed. However, the parties do not dispute that Petitioner possessed at least 15, but less than 100 grams, of a substance containing cocaine, with intent distribute. Habeas Petition, at 1; Resp't's Answer, at 1.

[5] Under Illinois law, "[c]ertain serious offenses are designated as Class X felonies. . . . Some offenses are designated as Class X offenses in the statute that defines the crime. In other cases, certain felonies are raised to the level of a Class X felony under the conditions specified in the applicable statute." R. Hunter, Trial Handbook for Illinois Lawyers, Criminal § 55:1 (9th ed. 2015).

7

District Attorney Richard Ginkowski. ECF No. 18-8 at 2–4. Ginkowski testified as to the elements of the Wisconsin criminal code in effect in 1981 when Petitioner was convicted of armed robbery. *Id.* at 2. He compared the elements of the Wisconsin and Illinois armed robbery statutes, produced a comparison chart, and concluded that they were identical. *Id.* at 3.

Ginkowski did not discuss the underlying facts of Petitioner's case during direct examination. At one point, he did relate facts from the crime detailed in the criminal complaint, but he did so in response to defense counsel's question regarding Petitioner's participation in the crime.[6] *Id.* at 3–4; *see* ECF No. 18-4 at 224. The prosecutor's statement in this regard was neither material nor necessary to the sentencing judge's determination given that the sentencing judge needed only the certified record of the Wisconsin conviction and the elements of the offenses as set forth in the relevant statutes to determine whether the Illinois' Habitual Criminal Act applied.

A review of the Illinois appellate court's decision affirming the trial court shows that the decision is neither contrary to, nor an unreasonable application of, *Apprendi* and *Shepard*. *See Illinois v. Williams*, No. 1-05-2773 (Ill. App. Ct. Feb. 15, 2007), ECF No. 18-8; *see also Boyd v. Boughton*, 798 F.3d 490, 492 (7th Cir. 2015) (instructing that the relevant state court decision is the last state court decision to address the claim on the merits). The Illinois appellate court explained as follows:

> We find the testimony regarding the sameness of the elements of robbery in Illinois and Wisconsin to a fact "of" a prior conviction as opposed to "about" a prior

---

[6] The only time an underlying fact regarding the conviction was elicited was through cross examination by Petitioner's defense counsel. To the extent that Petitioner complains about this error, he is challenging an invited error caused by his counsel. Furthermore, this testimony did not impact the sentencing determination. As the state appellate court correctly noted, there is no indication that the sentencing judge relied upon any underlying facts from the prior conviction when imposing the life sentence.

8

> conviction. We are not concerned with what defendant did in committing the convictions themselves. Ginkowski did not testify that a particular act satisfied a particular element in either state statute; he only found that the elements were the same. Indeed, the only time the facts of the underlying Wisconsin robbery conviction came to light was at the end of Ginkowski's testimony, when defense counsel asked whether defendant "merely drove someone to the alleged armed robbery," during the commission of which someone was shot. At no time did Ginkowski make any reference as to whether any of those acts satisfied certain elements, and at no time was the court called upon to make any underlying factual determinations. Therefore, to the extent that the trial court considered the "extraneous evidence" of Ginkowski's testimony, it did not err.

ECF No. 18-8 at 7.

The decision is not contrary to federal law because the Illinois appellate court accurately cites to *Apprendi* and *Shepard*, sets forth their holdings, and discusses the relevant case law. ECF No. 18-8 at 4–6. Furthermore, the court did not unreasonably apply *Apprendi* or *Shepard*. It recognized that the sentencing court was limited to the fact of a prior conviction as determined by the statutory elements. There is no statement from the sentencing judge that he considered any underlying facts or did anything other than properly consider Petitioner's Wisconsin conviction and the statutory elements of the Wisconsin and Illinois crimes. ECF No. 18-4 at 256. Because a court may properly consider these things under *Apprendi* and *Shepard*, there was no constitutional violation, and the Court denies the petition as to Claim One.

## II. Claim Two: Vagueness Challenge to Illinois' Habitual Criminal Act

Petitioner next argues that Illinois' Habitual Criminal Act is unconstitutionally vague. The Habitual Criminal Act counts a federal or state conviction as a prior conviction if it contains the "same elements as an offense now classified in Illinois as a Class X felony, criminal sexual assault, aggravated kidnapping or first degree murder . . . ." 720 Ill. Comp. Stat. 5/33B-1.

Petitioner challenges the word "same" in the statute. He claims there is no definition for the word "same," nor "any self-correcting process built into the statute." ECF No. 1 at 12.

"To satisfy due process, 'a penal statute must define the criminal offense [1] with sufficient definiteness that ordinary people can understand what conduct is prohibited and [2] in a manner that does not encourage arbitrary and discriminatory enforcement.'" *Skilling v. United States*, 561 U.S. 358, 402–03 (2010) (quoting *Kolender v. Lawson*, 461 U.S. 352, 357 (1983)). A law may be void for vagueness when it "leaves grave uncertainty about how to estimate the risk posed by a crime." *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015). The law must have a "'reasonable degree of clarity'" so that individuals can conform their behavior to the law and police are not given "'virtually complete discretion'" in enforcement. *Gresham v. Peterson*, 225 F.3d 899, 907 (7th Cir. 2000) (quoting *Kolender*, 461 U.S. at 358).

The Illinois appellate court rejected this argument on direct appeal, and its holding is neither contrary to, nor an unreasonable application of, clearly established federal law. The decision properly sets forth the constitutional standard for the vagueness challenge. ECF No. 18-8 at 10. The fact that it cites to an Illinois case, rather than a federal one, for the relevant legal standard does not undermine its holding because the state court case cited by the court identifies the proper federal standard. *See Early*, 537 U.S. at 8.

In any event, the Illinois appellate court properly rejected Petitioner's argument. The Habitual Criminal Act mandates a life sentence for a criminal who has committed three qualifying offenses, and these offenses are defined under Illinois law. The Act clearly explains that a criminal conviction based on federal law or law from another state qualifies only when the elements of the offense are the same as the elements of a qualifying Illinois crime. There is no

discretion under the Act, and Petitioner does not argue that any underlying state criminal statute is vague.

The fact that the Act does not define the word "same" does not make the statute unconstitutionally vague. As the Illinois appellate court recognized, the word "same" is a commonly understood word. It means identical, and the state law uses the word in this fashion. A prior state or federal conviction applies only if the conviction is for a crime that has identical elements to one of the qualifying Illinois crimes.

In *Johnson v. United States*, the Supreme Court considered a vagueness challenge to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1). 135 S. Ct. at 2557. At issue was a particular provision of the ACCA that increased sentences for federal criminal defendants if they had prior convictions for "conduct that presents a serious potential risk of physical injury to another." *Id.* at 2555–56 (quoting 18 U.S.C. § 924(e)(2)(B)). Under the ACCA, courts were required to "picture the kind of conduct that the crime involves in 'the ordinary case,' and to judge whether that abstraction presents a serious potential risk of physical injury." *Id.* at 2557. The *Johnson* Court held that this kind of judicial assessment went beyond simply considering the elements of an offense. *Id.* (stating that the provision of the ACCA "ties the judicial assessment of risk to a judicially imagined 'ordinary case' of a crime, not to real-world facts or *statutory elements*") (emphasis added). The Court concluded that the ACCA provision was void for vagueness because the "the indeterminacy of the wide-ranging inquiry . . . both denies fair notice to defendants and invites arbitrary enforcement by judges." *Id.*

Unlike the ACCA, the Habitual Criminal Act provides fair notice because it expressly limits the conduct covered under the Act to that giving rise to a federal or state offense whose

11

elements are identical to specific qualifying Illinois crimes. Furthermore, in contrast to the ACCA , the Habitual Criminal Act does not invite a wide-ranging inquiry and is strictly tied to statutory elements. Courts need only conduct a side-by-side comparison of the elements of two pertinent criminal statutes to determine the Act's applicability. Accordingly, Petitioner cannot demonstrate that the Illinois appellate court's rejection of his vagueness challenge was contrary to, or an unreasonable application of, clearly established federal law. Count Two is thus rejected.

### III. Claim Three: Counsel's Performance Regarding Lesser Sentence

Petitioner's third claim asserts ineffective assistance of trial counsel for failing to warn him that he faced a mandatory life sentence if he went to trial and for rejecting a plea offer that would have avoided a life sentence. ECF No. 18-11 at 31–32. Petitioner claims he would have accepted the offer for a lesser sentence had he known he faced a mandatory life sentence if convicted at trial. *Id.*

Although Petitioner raised this ineffective assistance of counsel claim in his postconviction petition, Respondent argues that the claim is nonetheless procedurally barred because the Illinois appellate court rejected this claim on an independent and adequate state law ground. Specifically, Respondent argues that the state court rejected this argument because Petitioner had failed to provide the necessary affidavit in support. This is incorrect.

To result in procedural default, a state court must clearly and expressly rely upon an independent and adequate state law ground for its decision. *Johnson v. Thurmer*, 624 F.3d 786, 789 (7th Cir. 2010). A state court does not meet this requirement when the procedural rule invoked by the court is interwoven with an adjudication of the claim on the merits. *Sanders v.*

12

*Cotton*, 398 F.3d 572, 579 (7th Cir. 2005) (citing *Page v. Frank*, 343 F.3d 901, 907 (7th Cir. 2005)).

While the state court noted that the Petitioner failed to attach his affidavit in support of his postconviction petition, citing 725 Ill. Comp. Stat. 5/122-2, the court did so within the discussion of the claim's merits. *See* ECF No. 18-16 at 4–5. At no point did the state court hold that its ruling was based on a procedural bar. *See id.* Rather, the court addressed the merits of the claim by ruling that Petitioner failed to present any evidence, or an explanation for the absence of evidence, to show that his trial counsel provided ineffective assistance of counsel. *See id.*

Additionally, it is clear that the appellate court understood how to base its ruling on an independent and adequate state law ground because it did so with regard to a different issue. Petitioner raised a different ineffective assistance of counsel argument, an argument that is not raised in the present habeas corpus petition, regarding an improper jury instruction. ECF No. 18-16 at 5. The state argued the issue was forfeited because there was no timely objection at trial and because the issue was not raised on direct appeal. *Id.* The appellate court agreed and held that the issue was barred under "principles of waiver and forfeiture." *Id.* The appellate court's ruling on this other issue stands in stark contrast to its ruling with regard to his attorney's purported failure to advise him of the plea offer.

Turning to the merits, the starting point for Petitioner's ineffective assistance of counsel claim is *Strickland v. Washington*, 466 U.S. 668 (1984), and *Hill v. Lockhart*, 474 U.S. 52 (1985). *Strickland* established the general rule that an ineffective assistance of counsel claim requires a showing of deficient performance and prejudice, 466 U.S. at 687, and *Hill* applied *Strickland* in the context of plea agreements, *Hill*, 474 U.S. at 59.

13

In *Missouri v. Frye*,[7] the Supreme Court held that "as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." 132 S. Ct. 1399, 1408 (2012). The Court emphasized that even in such cases, *Strickland*'s prejudice requirement demands that the defendant establish that "the result of the proceeding would have been different." *Id.* at 1410. "To establish prejudice,[] it is necessary to show a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time." *Id.* at 1409.

Petitioner cannot demonstrate that the state court ruling was contrary to, or an unreasonable application of, *Strickland* and its progeny. In rejecting Petitioner's ineffective assistance of counsel claim, the state appellate court explained, "even if a plea was tendered for a lesser sentence, the trial court did not have authority to impose it because defendant was subject to the mandatory sentence of natural life under the Habitual Criminal Act." ECF No. 18-16 at 4 (citations omitted). This ruling by an Illinois court interpreting an Illinois statute undercuts Petitioner's ineffective assistance of counsel claim.

"[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). That is because "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). "In conducting habeas review, a federal court is limited to deciding whether a conviction

---

[7] Although *Frye* was decided in 2012, after the date of the relevant state court decision, the Court may still consider *Frye* in its analysis because the *Frye* Court stated that it was merely applying the principles of *Strickland* and *Hill*, rather than announcing a new standard. 132 S. Ct. at 1409 ("This application of *Strickland* to the instances of an uncommunicated, lapsed plea does nothing to alter the standard laid out in *Hill*."); *see also Hare v. United States*, 688 F.3d 878, 878 (7th Cir. 2012) (recognizing that *Frye* did not break new ground but rather, applied the established *Strickland* and *Hill* standards).

violated the Constitution, laws, or treaties of the United States." *Estelle*, 502 U.S. at 68; *see Shaw v. Wilson*, 721 F.3d 908, 914 (7th Cir. 2013) (stating that a federal court must defer to a state court's ruling on state law when that ruling is part of an ineffective assistance of counsel claim); *Thompson v. Battaglia*, 458 F.3d 614, 618 (7th Cir. 2006) (holding that a habeas claim that an Illinois court misapplied an Illinois statute raises a non-cognizable state-law issue).

The state court interpreted the Illinois Habitual Criminal Act and determined, as a matter of state law, that Petitioner faced a mandatory life sentence regardless of any plea offer. Thus, as a matter of Illinois law, Petitioner faced a mandatory life sentence regardless of whether he had pleaded guilty to a lesser offense. Because this Court cannot reexamine state court determinations on state law questions, and because the state court determined that Petitioner had suffered no prejudice from any purported deficiency of his trial counsel, Petitioner cannot demonstrate a *Strickland* claim. The state court's rejection of the claim was neither contrary to, nor an unreasonable application of federal law. Accordingly, the Court denies the habeas petition with regard to Claim Three.

## IV. Claim Four: Misapplication of the Habitual Criminal Act

Petitioner's final argument is that the state court misapplied Illinois' Habitual Criminal Act. The Act requires that the third conviction qualifying for the life sentence must occur within twenty years of the first qualifying conviction. Petitioner argues that sixteen years that he spent serving his second conviction is counted towards the twenty years based on the language in the Act. If this argument is correct, Petitioner's third conviction would have occurred more than twenty years after his first conviction. This would mean he could not have qualified for a life sentence. The appellate court rejected Petitioner's interpretation of the Act and held that he

15

qualified for a life sentence.  ECF No. 18-8 at 12–14.

The Court too must reject Petitioner's claim.  Petitioner argues that an Illinois court misinterpreted an Illinois statute, and the Court cannot grant habeas relief based on a state court's purported misapplication of state law.  *See Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (per curiam); *Estelle*, 502 U.S. at 67; *Dellinger v. Bowen*, 301 F.3d 758, 764 (7th Cir. 2002).  Furthermore, the Court is bound to follow an Illinois court's interpretation of Illinois law.  *Shaw*, 721 F.3d at 914. Because the Court has no authority to reject a state court's interpretation of a state law, the Court denies the petition as to Claim Four.

## V. Certificate of Appealability

The Court declines to issue a certificate of appealability under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts.  Petitioner cannot make a substantial showing of the denial of a constitutional right or that reasonable jurists would debate, much less disagree, with this Court's resolution of this case.  *Resendez v. Knight*, 653 F.3d 445, 446–47 (7th Cir. 2011); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## Conclusion

For the reasons stated herein, the Court denies Petitioner's habeas corpus petition on the merits.  The Clerk is instructed to enter a judgment in favor of Respondent and against Petitioner. Petitioner is advised that this is a final decision ending his case in this Court.  If Petitioner wishes to appeal, he must file a notice of appeal with this Court within thirty days of the entry of judgment.  *See* Fed. R. App. P. 4(a)(1).  On the Court's own motion, Respondent Marcus Hardy is terminated.  Petitioner's present custodian, Nicholas Lamb, the Acting Warden of Stateville Correctional Center, is added as Respondent.  *See* Fed. R. Civ. P. 25(d); *Rumsfeld v. Padilla*, 542

16

U.S. 426, 435 (2004). The Clerk shall alter the case caption to *Williams v. Lamb*.

**SO ORDERED.**  ENTERED:  **3/30/16**

_____

**John Z. Lee
United States District Judge**